# N. Y. SUPERIOR COURT.

FREDERICK A. POTTS agt. ISAAC MAYER, impleaded, &c.

*Promissory note — bona fide holders for value.*

The defendants, H. and M., made their promissory note to their own order for $1,571.39, and indorsed the same to the defendant K., who, before its maturity, indorsed and delivered it to plaintiff P. The proof showed that M. received value for the note, as it was given in the firm name to H. for money which M. owed to him. H. transferred the note to K. in consideration of $1,200 balance due K. on a deposit which K. had previously made on account of H. in Detroit. K., who was owing P. at the time on purchases of coal, gave P. the note, who gave him credit for so much cash, and at its maturity, it being protested for non-payment, P. charged the amount back to K., who was liable as indorser, and took it up with his own check; K. has paid nothing to P. on account of the note :

*Held*, that P. was a *bona fide* holder for value and entitled to recover, and that the case was properly disposed of on the trial, by directing the jury to find a verdict for the plaintiff.

*General Term, May,* 1877.

*Before* SEDGWICK, SPIER *and* FREEDMAN, *JJ.*

THIS is an action brought against Elkin Hyman and Isaac Mayer, as members of the firm of Hyman & Mayer, upon a promissory note for $1,571.39, made by them to their own order, and indorsed to the defendant Sigmund Kohn, who, before its maturity, indorsed and delivered it to plaintiff for its value.

The court directed a verdict for the plaintiff.

*George W. Carpenter,* attorney and counsel for defendant.

I. The refusal of the court to allow the defendant's counsel

to open the case, he having the affirmative of the issue, was error, for which a new trial will be granted (*Lindsley* agt. *European P. Co.*, 10 *Abb. R.* [*N. S.*], 107; *Millerd* agt. *Thorn*, 56 *N. Y.*, 402). The answer admitted the *making* of the note by the defendant, *its delivery* to the indorser, also the *indorsement* of Kohn, and the *delivery of it* by him to the plaintiff. Thus all the facts were admitted necessary to plaintiff's recovery. The plaintiff claimed that the indorsement by the makers was not admitted. The admission of its making and delivery was sufficient to obviate a special admission of their indorsement, but a note made and delivered by maker, payable to maker's own order, is deemed in law to be payable to bearer (*Central Bank* agt. *Lang*, 1 *Bos.*, 205; 6 *ed. R. S.*, *vol.* 2, *p.* 1160, *sec.* 5).

II. The objection as to the admission in evidence of the bills and checks offered by the plaintiff's counsel should have been sustained. The note in suit was received by the plaintiff on the 13th March, 1874, and the bills offered in evidence were receipted March 12, 1874, prior to the time the note was passed to the plaintiff, and there is no evidence to show that they had any connection with or relation to the note in suit. The witness, Potts, did not receive the note, nor sign these receipts; all that he knew was what appeared from the books, which were not kept by him, and what his clerk, Gates, told him. Gates, who received the note, and who was said to have receipted the bills, was not produced as a witness.

III. The court should have submitted to the jury the question whether or not the plaintiff was a *bona fide* holder of the note, for value, and not directed a verdict for the plaintiff. The undisputed evidence showed that the note was without consideration, as between the makers and Kohn, and had been diverted; that it had been passed to the plaintiff and credited to Kohn's general account, and charged back again when protested. (*a.*) The note was received by the plaintiff on a precedent debt, and the presumption is that it was not received in payment (*Noel* agt. *Murray*, 13 *N. Y.*, 158; *Buswell*

agt. *Poinier*, 37 *id.*, 312). Even a receipt is not conclusive that it was received in absolute payment (*Bradford* agt. *Fox*, 38 *N.·Y.*, 289). (*b.*) A note taken for a precedent debt is subject to all equities between the original parties (*N. Y. Exchange Co.* agt. *De Wolf*, 3 *Bos. R.*, 86; *Duncan* agt. *Gosche*, 8 *id.*, 243). (*c.*) When a note is diverted the onus is upon the holder to show that he is the owner of it in good faith, and for value, and a mere implied extension of time is not a valuable consideration (*Philbrick* agt. *Dullett*, 2 *Jones & Spencer*, 370; *Lawrence* agt. *Clark*, 36 *N. Y.*, 128; *Weaver* agt. *Barden*, 49 *id.*, 286; *Turner* agt. *Treadway*, 53 *id.*, 650; *Carg* agt. *White*, 52 *id.*, 138). In the case of *Lewis* agt. *Rogers* (2 *J. & S.*, 64), relied upon by the respondent, the facts were different. The note there had not been diverted, and it was not given wholly in payment of a precedent debt, but a portion of the goods were sold and delivered at the time of its receipt, constituting a present sale.

IV. The judgment and order appealed from should be reversed, and a new trial ordered.

*Richard S. Newcombe*, attorney and counsel for plaintiff.

1. The plaintiff was entitled to the affirmative, as under the issue it was necessary for him to prove the indorsement of the note. 2. The exception to the question as to when Hyman paid Mayer money for this note was not well taken, as defendant had previously proved that Hyman had paid Mayer for the note, so that plaintiff was, on cross-examination, clearly entitled to know when. 3. Defendants offer to put in evidence paper to show that Hyman agreed to pay all debts of the partnership, was properly excluded. 4. The check and receipted bills were properly admitted, as tending to show the consideration for the note in suit as between the plaintiff and Kohn. 5. The direction of the court was proper; there was no question for the jury. (*a.*) So far as Mayer was concerned he had received value for the note — as Hyman proved — having received it from him for so much money.

(*b.*) Kohn received it from Hyman in consideration of $1,200 paid by him for Hyman's account in Detroit, in addition to the $8,800 he received from defendant Mayer. (*c.*) Had Kohn been the plaintiff the same direction would have been proper. (*d.*) But plaintiff as against Kohn, as well as each of the other defendants, was a *bona fide* holder for value — he accepted it on the 12th March, 1874, *as so much cash* in *absolute payment* of Kohn's account, and in *absolute extinguishment* of his debt — took it up, because the latter was liable as indorser at maturity, charged it back to Kohn, but has never received any thing upon account of it (*McGuire* agt. *Sinclair*, 47 *How.*, 367; *Bright* agt. *Judson*, 47 *Barb.*, 29; *Burns* agt. *Rowland*, 40 *id.*, 368; *Traders' Bank* agt. *Bradner*, 43 *id.*, 379; *Lewis* agt. *Rogers*, 34 *Sup. Ct. R.*, 64). 6. The judgment should be affirmed, with costs.

SPEIR, *J.* — The defendant Mayer received value for the note, as shown by his own witness and co-defendant Hyman, who proved that it was given in the firm's name to Hyman for money which the defendant Mayer owed to him. Hyman transferred the note to Kohn in consideration of $1,200 paid by Kohn for Hyman's account in Detroit.

Prior to this transfer Kohn had deposited in Detroit, on Hyman's account, $10,000 upon account, of which at that time there was a balance due to Kohn of $1,200. Under these facts it is clear enough that had Kohn been the plaintiff, holding this note as prosecutor, the court must have made the same disposition of the case as on this trial.

The plaintiff's title differs in no material respect from that of Kohn. He received the note from him and gave him credit, so much cash, and at the maturity of the note it was protested for non-payment, and the plaintiff charged the amount back to Kohn, who was liable as indorser, and took it up with his own check. Kohn has paid nothing to the plaintiff on account of the note.

The judgment must be affirmed with costs.